UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
JUN - 7 2023
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 4:23CR299 SEP/SPM |
| FORREST SMITH, | ) |
| Defendant. | ) |

## MOTION FOR PRETRIAL DETENTION

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Jerome McDonald, Assistant United States Attorney for said District, and moves this Court to order the defendant detained pending further judicial proceedings.

As for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

### Presumption of Detention

1. The defendant is charged in Count One with an offense for which the maximum term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), distribution of fentanyl, and that death resulted from such distribution in violation of Title 21, United States Code, Section 841(a)(1). *See* 18 U.S.C. § 3142(e)(3)(A) and (f)(1)(C).

2. Count One triggers a rebuttable presumption of detention pursuant to Title 18, United States Code, Section 3142(e)(3)(A). There are no conditions or combination of conditions which will reasonably assure the appearance of Defendant as required, and the safety of any other person and the community.

1

## The Nature and Circumstances of the Offense

3.      Title 18, United States Code, Section 3142(g)(1) requires this Court to consider the nature and characteristics of the offenses charged, including whether the offense involves a controlled substance. Because the offenses with which the defendant is charged involve a dangerous controlled substance—fentanyl—the first of the § 3142(g) factors weighs in favor of detention.

## The Weight of the Evidence Against the Defendant

4.      Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant. The government submits that the evidence against Defendant is strong.

5.      Defendant admitted his involvement in the distribution of drugs to the victim in this case, and Defendant's involvement is corroborated by social media data.

## The History and Characteristics of the Defendant

6.      Section 3142(g)(3)(A) requires this Court to consider the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length or residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings.

7.      At the time of Defendant's conduct in this case, he had a 2006 conviction for child molestation in the first degree (0511-CR06135-01), for which he was sentenced to five years in prison after his probation was revoked, and a 2013 conviction for failure to register as a sex offender (12SL-CR08604-01). Further, in 2022 Defendant was convicted of resisting a lawful stop by fleeing in a manner that created a substantial risk of serious physical injury or death to

2

other persons (21CT-CR02067-01), and Defendant is currently on probation in Christian County for that offense.

8. The history and characteristics of Defendant weigh in favor of detention to ensure the safety of the community.

### The Nature and Seriousness of the Danger to the Community

9. Defendant was involved in the distribution of fentanyl that resulted in the death of a person.

10. Defendant has demonstrated an inability to comply with the requirements of state supervision, in that his probation following his 2006 conviction for child molestation was revoked.

11. Defendant has been convicted of fleeing from a police officer in a manner that created a substantial risk of serious physical injury or death to other persons.

12. The safety of the community would be at risk were the Defendant to be released on bond. *See* 18 U.S.C. § 3142(g)(4).

### Risk of Flight

13. There is a risk that Defendant will flee because he is facing a significant prison sentence in this case. The mandatory minimum sentence for causing the death of another person by distributing fentanyl is 20 years.

### Conclusion

14. The government submits that when considering all of the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh heavily in favor of detention. There is a presumption of detention and there is clear and convincing evidence that no condition or combination of conditions that will reasonably assure the safety of any other person and the

community. The United States therefore request that Defendant be detained for the foregoing reasons and all of the reasons.

                Respectfully submitted,

                SAYLER A. FLEMING
                United States Attorney

                */s/ Jerome McDonald*
                JEROME MCDONALD #63412MO
                Assistant United States Attorney